## FRANKEL v. LEVIN.

(Circuit Court of Appeals, Second Circuit. November 10, 1914.)

No. 60.

PATENTS (§ 328*)—INFRINGEMENT—GARMENT FORM.

The Frankel patent, No. 886,490, for a garment form, *held* not infringed.

Appeal from the District Court of the United States for the Southern District of New York.

O. Ellery Edwards, Jr., and Benedict S. Wise, both of New York City, for appellant.

F. Warren Wright and Maurice Block, both of New York City, for appellee.

Before LACOMBE, COXE, and ROGERS, Circuit Judges.

COXE, Circuit Judge. The validity of the patent is not disputed, the only question debated being that of infringement. The Frankel patent in suit is for a dress shield which is supported by an adjustable set screw on a rod. The defendant has a shield portion but it is not adjusted by a set screw. It is held in place by elastic bands attached to the bust portion by means of a plate above the waist line. The elastic bands pull up and hold in position the shield portion. Defendant has a rod, but its only function is to support the form. The idea of holding the shield in place so as to display the garment to advantage was not boardly new with either of the parties. Shields made of resilient material were used long before the shields in question. The material was tucked up into the hollow space above the waist line and the girdle was moved up to hold it in position, producing the same effect upon the eye of the beholder as the devices of the complainant and defendant. If there be any advantage in the set screw arrangement the complainant is entitled to it, but we do not think he is entitled to all equivalent means; for such a ruling, while it would hold the defendant as an infringer, would invalidate the patent by reason of the presence of the resilient girdle in the prior art. If the defendant's device infringes, the girdle anticipates. The claims, in view of the prior art, must have a narrow construction. An element of both claims is a "shield conforming to the outline of the body portion and adjustable on said support." This the defendant does not have; his adjustment is not on the support and his elastic bands would perform their function if the support were entirely removed.

The decree is affirmed with costs.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes
218 F.—41